```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

WAYNE HENRY ROSE,

                    Plaintiff,              MEMORANDUM & ORDER
                                             21-CV-3968(EK)(LB)
          -against-

MARK PARTNOW, CAROLYN DEMAREST,
 LAURENCE KNIPEL, DEVIN COHEN, MARIAN
 SUNSHINE, AARON BLINDER, et al.,

                    Defendants.

--------------------------------------x
```
ERIC KOMITEE, United States District Judge:

Plaintiff Wayne Henry Rose,[1] proceeding *pro se* as "Johnny Helpless," alleges that seven judges and two employees of the New York State Supreme Court, Kings County, violated his federal due process rights over the course of a civil lawsuit. Plaintiff also alleges several state-law claims; he seeks damages and injunctive relief. His request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 for the purpose of this order. The complaint, however, is dismissed with prejudice.

---

[1] Plaintiff has a robust history of litigation in this court and elsewhere. *See Rose v. City of New York*, No. 13-CV-1220, ECF No. 4 at 1 n.1; *Rose v. Lebowitz*, No. 13-CV-2650, 2013 WL 2255532 (E.D.N.Y May 23, 2013) (dismissing Rose's claims against justice of the Queens County Supreme Court); *Rose v. N.Y.C. Dep't of Human Res.*, No. 12-CV-1764, 2013 WL 323995 (S.D.N.Y Jan. 24, 2013) (dismissing Rose's claim that he was denied certain benefits because he is white); *Rose v. Goldman*, No. 02-CV-5370, 2011 WL 1130214, at *10 (E.D.N.Y Mar. 24, 2011) (granting summary judgment against plaintiff in suit that "spanned two states, three judicial districts, and almost nine years of litigation").

## I. Standard of Review

A district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotations omitted), those complaints must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## II. Background

Plaintiff sues seven justices, a law clerk, and a Special Referee of the New York Supreme Court, Kings County. He argues that Defendants violated his due process rights in a "commercial civil matter" — he does not say which one — when they rejected his request to remove "sensitive medical information" from the court's public records and when one justice refused to recuse himself.[2] He seeks an injunction

---

[2] Using a different pseudonym, John Anderson, Rose asserted this same claim against seven of the same defendants in *Anderson v. Demarest*, No. 21-CV-786 (filed Feb. 22, 2021).

requiring Defendants to remove his information from public records, stop "accessing" his information, and transferring "all matters" from Defendants to "this Courthouse." Compl. at 27. He also asks for $56 million in damages. *Id.*

### III. Discussion

**A.   Plaintiff May Not Proceed Pseudonymously**

Federal Rule of Civil Procedure 10(a) requires the title of the complaint to "name all the parties." The Second Circuit has recognized that, while it is sometimes appropriate for a litigant to proceed under a pseudonym, Rule 10(a)'s requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189.

Plaintiff's complaint does set out some specific details from his medical records — the type of information that

courts have recognized to be "sensitive" and "personal." *Id.* at 190. But courts have refused to allow plaintiffs to proceed pseudonymously, even when their submissions disclose personal facts about themselves and their past because the "public's interest in identifying the parties to a proceeding is significant" and "people have a right to know who is using their courts." *See Rives v. SUNY Downstate College of Medicine*, No. 20-CV-621, 2020 WL 4481641, at *3 (E.D.N.Y. Aug. 4, 2020); *See, e.g., id.* at *2 (collecting cases); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sciences*, 804 F.3d 178, 183 (2d Cir. 2015) (discussing former student's depression, anxiety, and academic history in connection with ADA action against medical school); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405-06 (S.D.N.Y. 2019) (denying motion to proceed anonymously despite "highly sensitive" allegations of being "sexually assaulted while unconscious" and subject to "sexual harassment following the incident"). Given the presumption against pseudonymous filings and Plaintiff's failure to sufficiently rebut that presumption, I find that Plaintiff's anonymity is not justified here. The Clerk of Court is directed to correct the caption to reflect the fact that Plaintiff's name is Wayne Henry Rose.

The Court understands the sensitive nature of Plaintiff's complaint. While it cannot offer Plaintiff the

relief he seeks, the Court will provide Plaintiff fourteen days to submit a redacted copy of the complaint (redacting *only* the portions that refer to his sensitive medical conditions). During this time period, the Court will temporarily seal the complaint. Should Plaintiff not submit a redacted version of the complaint within fourteen days of the issuing of this order or submits a complaint that redacts anything more than specific indications of his medical conditions, the original complaint will be unsealed.

**B.    Defendants Are Immune from Suit**

Plaintiff's allegations arise from actions that Defendants took in connection with Plaintiff's state court legal proceedings. But judges are immune from liability for damages stemming from acts within their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from suit, except for actions taken outside their judicial capacity or in complete absence of all jurisdiction). Therefore, the claims for money damages against Justices Knipel, Demarest, Partnow, Baynes, Joseph, Cohen, and Solomon are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii). The same is true of defendant Aaron Blinder, a law secretary (as law clerks are known in New York state courts), *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) ("[F]or purposes of absolute judicial immunity, judges and their law clerks are as one."), and Special Referee Marian Sunshine.

*Khrapko v. Splain*, 389 F. Supp. 3d 199, 205-06 (W.D.N.Y. 2019) ("The law is clear that court referees are entitled to absolute judicial immunity from liability with respect to acts taken in the scope of their duties.") (citing *Green v. Kadilac Mortg. Bankers, Ltd.*, 936 F. Supp. 108, 115 (S.D.N.Y. 1996) and *Weiss v. Feigenbaum*, 558 F. Supp. 265, 272 (E.D.N.Y. 1982)).

Judicial immunity also bars Plaintiff's claim for injunctive relief. Congress enacted such immunity by amending 42 U.S.C. § 1983 to provide that "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996); *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable, so judicial immunity applies to his claim for injunctive relief as well. *See Brik v. DeLizzo*, No. 21-CV-535, 2021 WL 4592391, at *1 (E.D.N.Y. Oct. 6, 2021).

Plaintiff does allege that Defendants "were not performing any judicial acts" and that they acted "absent of all jurisdiction" when they caused the alleged harm. Complaint ¶¶ 23, 83, ECF No. 1. But the allegations in the complaint

undercut this characterization: among other things, plaintiff claims the justices denied his motion for a protective order, that one refused to recuse herself, that they denied his "right to argue cases," and held "ex-parte communications" with opposing counsel. All of these actions were within the scope of their judicial duties. Because Defendants are immune from liability, amendment of the complaint would be futile.

C.   **Filing Injunction Warning**

The ability to litigate *in forma pauperis* is a privilege that may be denied. *In re Anderson*, 511 U.S. 364 (1994); *In re Sindram*, 498 U.S. 177, 179-180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (the ability to proceed *in forma pauperis* "is not a constitutional right, but rather a congressionally created benefit"). The Second Circuit has held that a district court has a "constitutional obligation" to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims. *See In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III

functions."). However, it is "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

Rose is a frequent litigant in this District. The Court takes the opportunity here to warn him that if he persists in filing frivolous or vexatious actions, the Court may enter an order barring the filing of any future *in forma pauperis* complaint without prior leave of the Court. 28 U.S.C. § 1651; *see e.g., In re Martin-Trigona*, 9 F.3d at 227-29; *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (a district court has the authority to issue a filing injunction when "a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings") (cleaned up).

## IV. Conclusion

For the reasons stated above, the case is dismissed because it seeks relief from defendants who are absolutely immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff is warned against future frivolous or vexatious fillings.

The Clerk of Court is directed to correct Plaintiff's name to Wayne Henry Rose, amend the caption, list his prior cases on the docket, enter judgment, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is also respectfully directed to temporarily seal the complaint for fourteen days. Should Plaintiff not comply with this order within that time, the Clerk shall unseal the complaint. Finally, the Clerk of Court is respectfully directed to send a copy of this order to Plaintiff by mail and to note the mailing on the docket.

SO ORDERED.

       /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    February 18, 2022
           Brooklyn, New York